IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201, | ) ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | JURY TRIAL DEMAND |
| ADAMS JEEP OF MARYLAND, INC., 3485 Churchville Road Aberdeen, MD 21001 | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Amy Smith, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Adams Jeep of Maryland, Inc. harassed and discharged Amy Smith based on her disability (bipolar disorder) and her record of disability. The Commission further alleges that Defendant denied Smith a reasonable accommodation of medical leave based on her disability (bipolar disorder) and her record of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Adams Jeep of Maryland, Inc. ("Defendant" or "Adams Jeep"), has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Smith filed a charge with the Commission alleging violations of Title I of the ADA by Adams Jeep. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Smith was qualified as defined by the statute, and meeting Defendant's legitimate job expectations.

   a. Smith was diagnosed with bipolar disorder in or around March 2010.

   b. As a result of her bipolar disorder, Smith is substantially limited in the major life activities of concentrating and brain function when viewed without mitigating measures.

9. In or around October 2009, Defendant hired Smith as a phone operator. Defendant subsequently elevated Smith to an accounts payable/receivables position and gave her a raise. Smith successfully performed the essential functions of both positions with or without reasonable accommodation.

10. Starting in March 2010, following Smith's disclosure of her bipolar disorder to her supervisor, the Office Manager, and the Assistant Office Manager, Defendant engaged in unlawful employment practices, in violation of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12112(b)(5)(B). These practices include:

   a. subjecting Smith to a hostile work environment because of her disability (bipolar disorder) and because of her record of disability. The hostile work environment included, but was not limited to calling Smith a "pill popper" and "psycho" for taking her bipolar medication and laughing at her. Smith was subjected to the hostile work environment in the presence of her supervisor and Defendant's General Manager, who participated by laughing in response to the comments, and other co-

workers. Smith complained about the harassment to her supervisor but the harassment did not stop. The hostile work environment culminated in Smith's discharge on or around May 7, 2010.

      b.      discharging Smith on or around May 7, 2010 because of her disability (bipolar disorder) and because of her record of disability. Defendant discharged Smith while it knew she was out on medical leave adjusting to her medications.

      c.      denying Smith the reasonable accommodation of additional medical leave for her disability (bipolar disorder) as she adjusted to her medications while under her doctor's care.

11.    The effect of the practices complained of above has been to deprive Smith, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

12.    The unlawful employment practices complained of above were intentional.

13.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant to make whole Smith by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.   Order Defendant to make whole Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above.

E.   Order Defendant to make whole Smith by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

F.   Order Defendant to pay Smith punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

G.   Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability and that it will comply with all aspects of the ADA;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

*/s/ Lindsey Anne White*
LINDSEY ANNE WHITE
Trial Attorney
Bar No. 29183
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
Lindsey.white@eeoc.gov